IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SOUTHERN REGIONAL HEALTH | ) | PROPOSED |
| SYSTEM, INC., d/b/a/ SOUTHERN | ) | Jointly Administered Under |
| REGIONAL MEDICAL CENTER, et al., | ) | CASE NO. 15-64266-wlh |
| | ) | |
| Debtors. | | |

## MOTION FOR AUTHORITY TO USE CASH COLLATERAL

COME NOW Southern Regional Health System, Inc., d/b/a Southern Regional Medical Center ("**Southern Regional**"), Southern Crescent Physicians' Group, Inc., ("**SCPG**"), Southern Crescent Real Estate, Inc., ("**SCRE**"), Southern Regional Ambulatory Surgery, Inc., ("**SRAS**"), Southlake Ambulatory Surgery Center, L.L.L.P., d/b/a Mount Zion Surgery Center, a/k/a Spivey Station Surgery Center ("**Spivey Station**") and Southern Regional Medical Services, Inc., ("**SRMS**"), debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-styled proposed jointly administered case (the "**Case**"), pursuant to 11 U.S.C. § 363 and Bankruptcy Rule 4001, and files this Motion for Authority to Use Cash Collateral (the "**Motion**") seeking entry of an order authorizing the Debtor to use cash collateral. In support of the Motion, the Debtor shows the Court as follows.

### Jurisdiction and Venue

1.

This Court has jurisdiction of this Motion pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

2.

On July 30, 2015 (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code. As of the date of this filing, no official committee of unsecured creditors has been appointed, and no request for the appointment of a trustee or examiner has been made.

3.

The Debtors are a family of healthcare providers servicing residents of Clayton County and others throughout the region south of Atlanta through traditional hospital, outpatient clinic and ambulatory care services. Southern Regional operates a 331-bed full-service hospital located in Riverdale, Georgia and managed by Emory Healthcare. In addition to hospital based services, the Debtors offer ambulatory care services at a second campus Spivey Station, located in Jonesboro, Georgia. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of Kimberly J. Ryan in Support of First Day Applications and Motions (the "**Ryan Declaration**") which is incorporated herein by reference.

4.

Gemino Healthcare Finance, LLC ("**Gemino**") made certain loans to one or more of the Debtors pre-petition for which it contends it is owed in excess of $10 million. In connection therewith, Gemino may assert liens and security interests in some or all of the Debtors' personal

property used in the operation of their businesses (the "**Property**"), which consists of, *inter alia*, accounts, inventory, furniture, fixtures and equipment, and general intangibles. Gemino may also assert that the proceeds received from Property consisting of inventory and accounts receivable is "cash collateral" as defined in 11 U.S.C. § 363(a). Additionally, U.S. Foods, Inc. (collectively, with Gemino, the "**Secured Creditors**") may assert a security interest in the Property (and said cash collateral) pursuant to the terms of a customer account application as security for a claim against the Debtors in the approximate amount of $60,000.

## Relief Requested

5.

The Debtors seek entry of an order authorizing the use of cash collateral in accordance with a proposed budget attached hereto as Exhibit A.

6.

The Debtors' use of cash collateral is essential to the continued operation of their businesses, to maintain the value of the Property and for an effective reorganization. The Debtors do not propose to use cash collateral to pay any amounts due and owing prior to the Petition Date absent further order of the Court. However, because of the nature of the Debtors' businesses, they must have use of cash collateral to meet their ongoing obligations and to preserve the value of their assets. Therefore, the use of cash collateral is in the best interest of the Debtors, their estates and their creditors.

7.

The Debtors are willing to provide adequate protection for the use of cash collateral as follows:

(a) The Secured Creditors shall be given a replacement lien in post-petition accounts receivable and proceeds thereof to the extent such pre-petition liens are a valid, properly perfected and enforceable interest, and in the same relative priority; and

(b) Cash collateral may only be used for items set forth in a budget to be approved by the Court.

WHEREFORE, the Debtors request that this Court: (a) schedule a hearing on this Motion to be heard on or before August 4, 2015; (b) enter an order granting this Motion at the conclusion of such hearing; and (c) grant the Debtors such other and further relief as is just and proper.

This 31st day of July, 2015.

Respectfully submitted,

SCROGGINS & WILLIAMSON, P.C.

/s/ Ashley R. Ray
J. ROBERT WILLIAMSON
Georgia Bar No. 765214
ASHLEY REYNOLDS RAY
Georgia Bar No. 601559

*Counsel for the Debtors*

1500 Candler Building
127 Peachtree Street, NE
Atlanta, GA 30303
T:    (404) 893-3880
F:    (404) 893-3886
E:    rwilliamson@swlawfirm.com
      aray@swlawfirm.com

EXHIBIT "A"

Scenario 1 - Cash Collateral

| | | 1<br>8/3/2015 | 2<br>8/10/2015 | 3<br>8/17/2015 | 4<br>8/24/2015 | 5<br>8/31/2015 | 6<br>9/7/2015 | 7<br>9/14/2015 | 8<br>9/21/2015 | 9<br>9/28/2015 |
|---|---|---|---|---|---|---|---|---|---|---|
| STARTING CASH DAY 7/31 | | $ 1,500,000 | | | | | | | | |
| **CASH IN** | | | | | | | | | | |
| Weekly Revenue | | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 |
| TOTAL CASH IN | | $ 3,280,000 | $ 3,280,000 | $ 3,280,000 | $ 3,280,000 | $ 3,280,000 | $ 3,280,000 | $ 3,280,000 | $ 3,280,000 | $ 3,280,000 |
| **CASH OUT** | | | | | | | | | | |
| Net Pay | | 1,607,495 | - | 1,607,495 | - | 1,607,495 | - | 1,607,495 | - | 1,607,495 |
| Payroll Taxes | | 595,275 | 104,699 | 595,275 | 104,699 | 595,275 | 104,699 | 595,275 | 104,699 | 595,275 |
| Medicaid Quarterly Provider Tax | | - | - | - | - | - | - | - | - | - |
| US Trustee Fee | | - | - | - | - | - | - | - | - | - |
| Debtor's Professionals | | - | - | - | - | - | 175,000 | - | - | - |
| DIP Lender Interest / Fees | | - | - | - | - | - | - | - | - | - |
| Hospital Authority Lease Payments | | - | - | - | - | - | 10,000 | - | - | - |
| Notice Agent | | - | - | - | - | - | 18,750 | - | - | - |
| Committee Professional Fees | | - | - | - | - | - | - | - | - | - |
| Other Operating Expenses & Overhead | | 2,164,701 | 2,198,875 | 2,345,701 | 2,585,375 | 2,639,701 | 2,523,875 | 2,570,701 | 2,585,375 | 2,639,701 |
| TOTAL CASH OUT | | $ 4,367,471 | $ 2,303,574 | $ 4,548,471 | $ 2,690,074 | $ 4,842,471 | $ 2,832,324 | $ 4,773,471 | $ 2,690,074 | $ 4,842,471 |
| WEEKLY NET CASH | | $ (1,087,471) | $ 976,426 | $ (1,268,471) | $ 589,926 | $ (1,562,471) | $ 447,676 | $ (1,493,471) | $ 589,926 | $ (1,562,471) |
| CUMULATIVE NET CASH | | $ 412,529 | $ 1,388,955 | $ 120,484 | $ 710,410 | $ (852,061) | $ (404,385) | $ (1,897,856) | $ (1,307,930) | $ (2,870,401) |

| | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | Total |
| --- | --- | --- | --- | --- | --- | --- | --- | --- | --- | --- |
| | 10/5/2015 | 10/12/2015 | 10/19/2015 | 10/26/2015 | 11/2/2015 | 11/9/2015 | 11/16/2015 | 11/23/2015 | 11/30/2015 | 18 Weeks |
| | $ 3,280,000 | 3,280,000 | 3,340,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | $ 59,100,000 |
| | 3,280,000 | 3,280,000 | 3,340,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 3,280,000 | 59,100,000 |
| | | | | | | | | | | |
| | 104,699 | 1,607,495 | - | 1,607,495 | 104,699 | 1,607,495 | - | 1,607,495 | 104,699 | 14,467,455 |
| | 785,000 | 595,275 | 104,699 | 595,275 | | 595,275 | 104,699 | 595,275 | | 6,299,766 |
| | - | - | 20,000 | - | - | - | - | - | - | 785,000 |
| | 175,000 | - | - | - | 175,000 | - | - | - | 175,000 | 20,000 |
| | - | - | - | - | - | - | - | - | - | 700,000 |
| | 10,000 | - | - | - | 10,000 | - | - | - | 10,000 | 40,000 |
| | 18,750 | - | - | - | 18,750 | - | - | - | 18,750 | 75,000 |
| | 2,523,875 | 2,570,701 | 2,585,375 | 2,579,701 | 2,583,875 | 2,570,701 | 2,514,375 | 2,650,701 | 2,583,875 | 45,417,184 |
| | $ 3,617,324 | 4,773,471 | 2,710,074 | 4,782,471 | 2,892,324 | 4,773,471 | 2,619,074 | 4,853,471 | 2,892,324 | $ 67,804,405 |
| | $ (337,324) | (1,493,471) | 629,926 | (1,502,471) | 387,676 | (1,493,471) | 660,926 | (1,573,471) | 387,676 | |
| | $ (3,207,725) | (4,701,196) | (4,071,270) | (5,573,741) | (5,186,065) | (6,679,536) | (6,018,610) | (7,592,081) | (7,204,405) | |